UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

---

TORREY PAUL, an individual, *on behalf of himself and all others similarly situated*,   )
)   Case No.
)
PLAINTIFF,   )
)
v.   )   **CLASS ACTION COMPLAINT**
)
THE GRAND WHITE USA, LLC,   )   **JURY TRIAL DEMANDED**
)
DEFENDANT.   )
)

---

## CLASS ACTION COMPLAINT

Plaintiff, Torrey Paul ("Plaintiff"), by and through his undersigned counsel, brings this Class Action Complaint against Defendant, The Grand White USA, LLC ("Grand White" or "Defendant"), and alleges as follows, based upon information and belief, except as to the allegations specifically pertaining to him, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action lawsuit on behalf of all persons who purchased tickets to attend a Grand White Dinner event (the "Dinner") at one of Grand White's Dinner locations[1], but who were unable to use those tickets due to the Dinner's being postponed or cancelled because of Defendant's response to the Coronavirus Disease 19 ("Covid-19").

---

[1] Dinners in the United States are hosted in California, Colorado, Florida, Georgia, Illinois, Indiana, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Missouri, New York, North Carolina, Ohio, Pennsylvania, Texas, and Washington D.C.

2. Grand White has not refunded the purchase price of the tickets, or any of the additional fees paid by Plaintiff and members of the Class, even though the tickets for which the funds were paid became unusable when Defendant postponed or cancelled the Dinners.

3. Defendant's failure to provide refunds for tickets purchased, after the tickets were rendered unusable due to the postponement or cancellation of the Dinners, is a breach of the contracts between Grand White and Plaintiff and the members of the Class, and is unjust.

4. Plaintiff seeks, for himself and the Class members, Grand White's disgorgement and return of the funds paid for the unusable tickets.

## PARTIES

5. Plaintiff Torrey Paul is an adult individual and is a resident and citizen of the state of Texas. He purchased and paid for two tickets and a parking pass to attend the Dinner in Houston, Texas, scheduled for April 25, 2020. The Dinner was postponed indefinitely by Defendant, leaving his tickets and parking pass unusable as contracted for. Plaintiff has requested a refund from Grand White, but Defendant has refused to issue a refund in any amount.

6. Defendant, The Grand White USA, LLC, is a Florida Limited Liability Company headquartered and with its principal place of business, in St. Petersburg, Florida, and is a citizen of Florida.  Defendant hosts and sells tickets for Dinners held throughout the United States, Europe, and Africa.

## JURISDICTION AND VENUE

7. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because Plaintiff and at least one member of the Class is a citizen of a different state than Defendant, there are more than 100

members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

8. This Court has personal jurisdiction over Defendant because Defendant conducts business and maintains its principal place of business in Florida.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant resides in this District.

**FACTUAL BACKGROUND**

10. Defendant, through its website, www.thegrandwhite.com ("Grand White Website"), sells tickets to Dinners hosted throughout the United States, Africa, and Europe.

11. The Dinners are hosted annually, and provide a forum for attendees to wear all-white clothing, and enjoy an evening of "great company, delicious food, live music, speeches, entertainment and much, more with a fresh concept that promises to be an unforgiveable event."[2]

12. Plaintiff and Class members purchased tickets through the Grand White Website for a Dinner.

13. The tickets for the Dinner vary in price depending upon the seat location. Seats closest to the stage and dance floor are considered "Premium" and cost approximately $110.00 per ticket. Seats further from the stage and dance floor range from approximately $50 to $85. A booking fee is added to the purchase price, and ranges from approximately $2 to $5 per ticket.[3]

14. Attendees may also choose to pre-pay for parking, which varies by Dinner location, but is approximately $10.00 per vehicle. Although the parking fee is not mandatory, the Dinners are held at a "secret" venue undisclosed to the attendees prior to the Dinner. The attendees must meet at the parking location, where Grand White provides transportation from the parking location

---

[2] *See* https://thegrandwhite.com/ (last accessed July 20, 2020).
[3] Ticket prices and fees vary by geographical location of the Dinner.

to the Dinner venue. Without prior knowledge as to the Dinner's location, most attendees pay for parking in order to ensure transportation to the Dinner.

15. Plaintiff's ticket purchase details are as follows:

| Item | Seat | Total |
|---|---|---|
| Parking<br>Parking<br>The Grand White Houston 2020 - Saturday, 25 April @ 14:00 | Parking | $9.79 |
| Area B Group<br>Area B Group<br>The Grand White Houston 2020 - Saturday, 25 April @ 14:00 | B | $60.00 |
| Area B Group<br>Area B Group<br>The Grand White Houston 2020 - Saturday, 25 April @ 14:00 | B | $60.00 |
| Subtotal | | $129.79 |
| Fees | | $5.33 |
| Total Exc. Sales Tax | | $135.12 |
| Sales Tax | | $11.15 |
| Total Inc. Sales Tax | | $146.27 |
| Sales Tax | | 8.25% |

16. In response to the Covid-19 pandemic, the Houston, Texas Dinner was postponed indefinitely. Plaintiff's tickets and parking pass were consequently rendered unusable as contracted for, and lost their value.

17. Similarly, tickets and parking passes purchased by the members of the Class were rendered unusable and lost their value when the Dinners for which such tickets were purchased were cancelled or postponed due to the Covid-19 pandemic.

***Due to the Covid-19 Pandemic, Plaintiff's and the Class members' Tickets Were Rendered Unusable, and Defendant Has Wrongly Refused to Issue Refunds***

18. The Covid-19 virus has spread, and continues to spread, rapidly across the United States and has been declared a public health emergency of international concern by the World Health Organization[4], and the United States Department of Health and Human Services.

19. In response to Covid-19, many states, including states where the Dinners were to be hosted, issued Stay at Home Orders (the "Orders"), mandating that mass gatherings be limited, that non-essential businesses such as event venues cease operations, and that residents must remain at home except for essential purposes.

20. Even in states where Orders were not implemented, travel restrictions, quarantines, and Social Distancing Guidance (the "Guidance") issued by the Centers for Disease Control and Prevention ("CDC")[5] have caused businesses and public venues to close and/or cancel or postpone large gatherings and events.

21. As a result of the Orders and Guidance issued, the Dinner scheduled for April 25, 2020, in Houston, Texas was postponed indefinitely, leaving Plaintiff's tickets useless and without value.

22. Plaintiff has incurred a loss in the amount equal to the purchase price of the tickets, parking fee, as well as any other fees charged by Grand White for such purchase.

23. Similarly, Dinners across the United States were cancelled or postponed due to the Covid-19 pandemic, leaving Class members' tickets useless and without value. Members of the Class have incurred a loss in the amount equal to the purchase price of their tickets, parking fees (if a parking pass was purchased), as well as any fees charged by Grand White for such purchases.

---

[4] *See* https://www.health.harvard.edu/diseases-and-conditions/coronavirus-resource-center (last accessed July 9, 2020).
[5] *See* https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/social-distancing.html (last accessed July 13, 2020).

24. Plaintiff and members of the Class have requested refunds from Defendant on multiple occasions.

25. Despite Grand White acknowledging that some relief is appropriate, it has not provided any refunds to Plaintiff or members of the Class:

> However, even though our standard position has been that tickets are not directly refundable, and in full recognition that The Grand White Team has experienced difficulty by being short of the ticket funds they have spent, our team has worked hard to explore every possible avenue that could provide some relief. This includes taking the matter up with our insurers who have currently indicated that they will not honour what we believe to be their obligation.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this case individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as:

> All persons who purchased and paid for tickets and/or parking for Dinners hosted by Grand White, which Dinner was cancelled or postponed for reasons related to the Covid-19 pandemic.

27. Excluded from the Class is Defendant, its subsidiaries and affiliates, its officers, directors and members of their immediate families and any entity in which Defendant has a controlling interest, the legal representative, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

28. Plaintiff reserves the right to modify or amend the definition of the proposed Class if necessary before this Court determines whether certification is appropriate.

29. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

30. The requirements of Rule 23(a)(1) have been met. The Class is so numerous that joinder of all members is impracticable. The number and identity of all such ticket and parking

sales is known to the Defendant and can be identified through Grand White's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

31. The requirements of Rule 23(a)(2) have been met. There are questions of law and fact common to the members of the Class including, without limitation:

   a. Whether Defendant accepted money from Plaintiff and the Class members in exchange for tickets and/or parking;

   b. Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide them with refunds after the tickets were rendered unusable;

   c. Whether Defendant is unjustly enriched by retaining the funds received for the ticket and/or parking sales after the tickets were rendered unusable;

   d. Whether Defendant engaged in unfair or deceptive acts or practices in violation of Section 501.204, *Florida Statutes*; and

   e. The amount of damages and other relief to be awarded to Plaintiff and the Class members.

32. The requirements of Rule 23(a)(3) have been met. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other Class members each contracted with Defendant for it to provide tickets to a Dinner, which Dinner was later cancelled or postponed due to the Covid-19 pandemic.

33. The requirements of Rule 23(a)(4) have been met. Plaintiff is an adequate class representative because his interests do not conflict with the interests of the other Class members

who he seeks to represent, Plaintiff has retained competent counsel who are experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

34. Class certification of Plaintiff's claims is also appropriate pursuant to Rule 23(b)(3) because the above questions of law and fact that are common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against Grand White. It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

## FIRST CLAIM FOR RELIEF

**BREACH OF CONTRACT**
**(On Behalf of Plaintiff and the Class)**

35. Plaintiff repeats and re-alleges Paragraphs 1 through 34 above, as if fully alleged herein.

36. Plaintiff brings this claim individually and on behalf of the members of the Class.

37. In exchange for funds paid by Plaintiff and the Class, Grand White agreed to provide Plaintiff and the Class with valid tickets to attend a Dinner on a specified date.

38. Grand White has failed to provide this contracted for valid ticket when the Dinners were cancelled or postponed and the tickets were rendered unusable and lost their value, yet has retained monies paid by Plaintiff and the Class for such tickets. Plaintiff and the members of the Class have therefore been denied the benefit of their bargain, and Defendant has breached its contract with Plaintiff and the Class.

39. Plaintiff and the members of the Class have suffered damage as a direct and proximate result of Grand White's breach in the amount equal to the ticket purchase price, parking (if a parking pass was purchased), plus any fees charged by Grand White through its Grand White Website, when Dinners were cancelled or postponed due to the Covid-19 pandemic and Grand White failed to refund the monies paid.

40. Plaintiff and the Class have been damaged and are entitled to a refund of the amount they paid for their tickets and/or parking, including any additional fees charged by Grand White.

## SECOND CLAIM FOR RELIEF

**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Class)**

41. Plaintiff repeats and re-alleges Paragraphs 1 through 34 above, as if fully alleged herein.

42. Plaintiff brings this claim individually and on behalf of the members of the Class in the alternative to the First Claim for Relief, in the event that it is determined that no contract exists between Plaintiff (and members of the Class) and the Defendant.

43. Plaintiff and members of the Class conferred a benefit on Grand White in the form of funds paid for tickets and parking (if a parking pass was purchased). The payment of funds were in exchange for valid tickets to attend a Dinner, and for access to parking.

44. Grand White has retained the full benefit of the funds paid by Plaintiff and the members of the Class for the tickets and/or parking passes, yet has failed to provide valid tickets or refunds for such tickets or parking passes when they were rendered unusable and lost their value after the Dinners were cancelled or postponed due to Covid-19.

45. Grand White's retention of the funds paid for tickets and/or parking after the Dinners were cancelled or postponed is unjust and inequitable under the circumstances.

46. Accordingly, Grand White should return the funds that Plaintiff and the Class members each paid for their tickets, parking (if a parking pass was purchased), as well as any additional fees charged by Grand White.

## THIRD CLAIM FOR RELIEF

**VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**
**(Section 501.201, *et. seq.*, *Florida Statutes*)**
**(On Behalf of Plaintiff and the Class)**

47. Plaintiff repeats and re-alleges Paragraphs 1 through 34 above, as if fully alleged herein.

48. Defendant advertised, solicited, provided, offered, or distributed good or services directly or indirectly affecting consumers.

49. Defendant engaged in unfair or deceptive acts or practices in the conduct of trade or commerce, in violation of Section 501.204, *Florida Statutes,* including retaining monies paid by Plaintiff and the Class to Defendant in exchange for tickets to Dinners, even after those Dinners were cancelled or postponed.

50. Defendant's conduct is injurious to the public interest because it has affected and injured many ticket purchasers.

51. As a direct and proximate result of Defendant's unfair methods of competition and unfair or deceptive acts or practices, Plaintiff and Class Members have suffered ascertainable losses of money and the lost benefit of their bargain, and Plaintiff will continue to suffer injuries through lost use of their money until Defendant makes refunds.

52. Plaintiff and the Class seek all monetary and non-monetary relief allowed by law, including actual damages, treble damages, injunctive relief, civil penalties, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that judgment be entered in favor of Plaintiff and the Class against Defendant as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff'' attorneys as Class Counsel to represent the Class(es);

(b) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c) For compensatory damages in an amount to be determined by the trier of fact;

(d) For an order of restitution and all other forms of equitable monetary relief;

(e) Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

(f) Awarding pre- and post-judgment interest on any amounts awarded; and,

(g) Awarding such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: August 7, 2020                                                Respectfully submitted,

/s/ Scott Edelsberg
Scott Edelsberg, Esq.
Florida Bar No. 0100537
scott@edelsberglaw.com
**EDELSBERG LAW, PA**
20900 NE 30th Ave.,
Suite 417
Aventura, FL 33180
Office: (305) 975-3320

Gary F. Lynch
Jamisen A. Etzel
Nicholas A. Colella
**CARLSON LYNCH LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA  15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
glynch@carlsonlynch.com
jetzel@carlsonlynch.com
ncolella@carlsonlynch.com

Katrina Carroll
**CARLSON LYNCH LLP**
111 W. Washington Street,
Suite 1240
Chicago, Illinois 60602
Telephone: (312) 750-1265
Facsimile: (412) 231-0246
Email:
kcarroll@carlsonlynch.com

Jonathan M. Jagher

                Kimberly A. Justice
                **FREED KANNER LONDON**
                **& MILLEN LLC**
                923 Fayette Street
                Conshohocken, PA  19428
                Telephone:  (610) 234-6487
                jjagher@fklmlaw.com
                kjustice@fklmlaw.com


*Counsel for Plaintiff and Proposed Class(es)*